IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERICO VILCHIZ VASQUEZ, JESUS VILCHEZ VASQUEZ, FRANCISCO DOMINGO CLAUDIO, for themselves and all others similarly situated,

    Plaintiffs,

  v.

USM, INC. dba USM SERVICES, INC., a Pennsylvania Corporation; Ross Stores, Inc. dba Ross Dress for Less, a Delaware Corporation; Ross Stores, Inc. dba dd's DISCOUNTS, a Delaware Corporation; and DOES 1 through 20, inclusive,

    Defendants.

No. C 13-05449 WHA

**ORDER DENYING DEFENDANT ROSS STORES, INC.'S MOTION TO DISMISS**

## INTRODUCTION

In this putative state-law labor class action, defendant retailer moves to dismiss the complaint for failure to state a claim. To the extent stated below, defendant's motion is **DENIED**.

## STATEMENT

Ross Stores, Inc. entered into a contract with USM, Inc. for janitorial services. USM, in turn, subcontracted with local businesses for these services. USM required its subcontractors to assume all costs associated with overhead, equipment, workers' compensation and liability insurance (Compl. ¶¶ 49–50). The subcontracting businesses are run mainly by immigrants and low-wage workers. They rarely operate for more than a year or two and hire predominantly

1  immigrant workers (Compl. ¶ 27). Plaintiffs were employed by the local janitorial
2  subcontractors to clean Ross' stores in California.
3       The operative first amended complaint alleges that USM and Ross engaged in
4  insufficiently-funded subcontracting that violated California Labor Code Section 2810.
5  Subdivision (a) of Section 2810 forbids parties from entering into contracts for janitorial services
6  where the party "knows or should know that the contract or agreement does not include funds
7  sufficient to allow the contractor to comply with all applicable local, state, and federal laws or
8  regulations governing the labor or services to be provided." A contract is sufficient when it
9  provides enough funds to pay the minimum wage. The pleading alleges that Ross knew or
10 should have known (1) that funds provided to USM under the agreement(s) were insufficient
11 to allow USM to comply with all applicable laws or regulations governing janitorial services
12 at its stores; and (2) that USM's subcontractor agreements for janitorial services were equally
13 insufficient (Compl. ¶¶ 6, 29). According to the complaint, insufficiently-funded contracts
14 between Ross and USM and between USM and janitorial subcontractors resulted in a routine
15 failure by the subcontractors to pay plaintiffs and other similarly-situated janitorial employees
16 the minimum wage, their contracted rate, and/or overtime premiums (Compl. ¶ 10).
17 The pleading alleges that USM and Ross violated (1) California Labor Code Section 2810;
18 (2) California Business and Professions Code Section 17200, *et seq.*; and (3) the Private
19 Attorneys General Act of 2004 ("PAGA"), California Labor Code Section 2698, *et seq.*

## ANALYSIS

21      To survive a motion to dismiss for failure to state a claim, a pleading must contain
22 sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v.*
23 *Iqbal*, 556 U.S. 662, 677–78 (2009). In ruling on a motion to dismiss under Rule 12(b)(6),
24 courts "accept all factual allegations in the complaint as true and construe the pleadings in the
25 light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.
26 2005).

### 1. CALIFORNIA LABOR CODE SECTION 2810.

Ross argues that the complaint fails to state a claim under Section 2810(a) because it fails to allege facts regarding the terms of the contractual relationship between USM and Ross causing there to be insufficient funds. In particular, Ross points to the complaint's failure to allege the number of contracts, dates they were entered into, duration, amount of money to be paid, etc. Ross further argues that there are no factual allegations in the complaint that demonstrate Ross' contract with USM was insufficient. Finally, defendant alleges the complaint is based on conclusory allegations and generalities that do nothing more than establish that a contractual relationship existed between Ross and USM.

Section 2810(a) makes it unlawful to enter a janitorial services contract where the party "knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided." The term "knows" is defined in the statute as including knowledge "arising from familiarity with the normal facts and circumstances of the business activity engaged in." The phrase "should know" includes the knowledge "of any additional facts or information that would make a reasonably prudent person undertake to inquire" whether the funds are sufficient. Cal. Lab. Code 2810(i)(1), (2).

Although our court of appeals has not construed Section 2810(a) (codified in 2004), *Castillo v. Toll Bros., Inc.*, 197 Cal. App. 4th 1172 (2011), provides persuasive guidance for analyzing complex contracts under Section 2810(a). A complex contract is one in which insufficiency cannot be confirmed at the time of contracting. When complex contracts are involved, as here, Section 2810(a) requires two inquiries. *First*, the contracting party's knowledge at the time the contract was executed. That is, if the contracting party knew or should have known the contract price was reasonably likely to be insufficient at the time the contract was executed. The contracting party is charged with "knowledge typical in the industry, as well as knowledge of any 'additional facts or information' reasonably suggesting insufficiency." *Second*, the contract price is actually insufficient in practice. This second question, of course, is retrospective, whereas the first question is prospective. *Id.* at 1196–1197.

3

Ross cannot insulate itself against alleged labor code violations by its subcontractors if they "know or should know" the contract with USM is insufficient for USM to comply with applicable laws. Given Ross' "familiarity with the normal facts and circumstances," as well as "additional facts or information" suggesting insufficiency, Ross knew or should have known its contracts with USM were under-funded on the basis of (1) work orders; (2) schedules; and (3) subcontractor agreements.

Here, the complaint alleges that Ross knew or should have known the funds provided to USM under the agreements were not sufficient to allow USM to comply with applicable laws and regulations governing janitorial services (Compl. ¶ 6). USM, in turn, entered into thinly-funded agreements with subcontractors that did not allow the subcontractors to comply with applicable laws, or so the complaint alleges (Compl. ¶ 29). For example, USM and subcontractor Cleanmex entered into an agreement wherein Cleanmex was to "assign two people to each store for (1) three hours of routine cleaning seven days a week and (2) approximately 12.5 hours of overnight floor buffering once a month." These schedules required approximately 205 hours of labor per store per month and specified a monthly payment of $1,200. This translated to an hourly wage of $5.85 — a wage below the minimum wage at the time (Compl. ¶¶ 58, 59, Exh. D). USM's agreements with subcontractors required the subcontractors to assume all costs associated with overhead, equipment, workers' compensation, and liability insurance (Compl. ¶¶ 49, 50, Exhs. A at 1, B at 1, C at 3). USM was not obligated to pay the subcontractor if USM was not paid by Ross (Compl. Exhs. A at 1, B at 1, C at 3).

The complaint alleges that insufficiently-funded contracts between Ross and USM and between USM and janitorial subcontractors resulted in a routine failure by the subcontractors to pay plaintiffs and other similarly-situated janitorial employees the minimum wage, their contracted rate, and/or overtime premiums (Compl. ¶ 10). As evidence of minimum wage violations, plaintiffs attach schedules that USM provided to Cleanmex. These schedules clearly show a wage gap since they require approximately 205 hours of labor but only allocate a monthly payment of $1,200 (Compl. Exh. D). Furthermore, the $1,200 payment had to cover not

just wages, but also insurance, equipment and supplies, payroll, overhead and other costs (Compl. ¶ 60).

The pleading alleges (1) that USM and Ross design work orders which articulated the specific tasks to be completed and how often they had to be done and (2) that through the creation and review of these work orders and its daily supervision of the workers, Ross knew or should have known how many hours of labor and what equipment were necessary to enable fulfillment of the services it requested (Compl. ¶¶ 66, 70). As evidence of Ross' daily supervision, plaintiffs attach janitorial sign-off sheets that Ross' store managers signed off on each day (Compl. Exh. E at 1). In addition, plaintiffs include as Exhibits A through C, USM subcontractor agreements that contained the following services provision: "we will provide you with a work order that must be signed by our customer following completion of Service . . . You must perform all the Services per the specifications and to our customer's satisfaction . . . on the days and during the hours specified by our customer(s)" (Compl. Exhs. A at 1; B at 1; C at 3).

The pleading alleges that, given the compensation Ross was providing to USM, Ross knew or should have known that USM entered into agreements with subcontractors that did not comply with applicable labor laws. Ross would have knowledge regarding insufficiency of the master contract on the basis of its role in outlining and monitoring the janitorial services in its stores (Compl. ¶¶ 111, 4).

The complaint's factual allegations are sufficient because they are not the sort of conclusory or formulaic recitations that fall short of the *Twombly* pleading standard. Specifically, the complaint's factual allegations put Ross on notice that plaintiffs allege Ross' contract with USM did not include sufficient funds. Accordingly, defendant's motion to dismiss for failure to state a claim under Section 2810 is **DENIED**.

### 2. UNFAIR COMPETITION LAW AND PRIVATE ATTORNEYS GENERAL ACT OF 2004.

Plaintiffs' UCL (Cal. Bus. & Prof. Code 17200, *et seq*.) and PAGA claims depend on alleged Section 2810 violations (Opp. 11, n. 4). Ross argues that plaintiffs' failure to state a claim under Section 2810 means plaintiffs' derivative UCL and PAGA claims must fail.

5

1  This order does not dismiss plaintiffs' Section 2810 claim so the derivative claims do not fail
2  at this stage.

### A.  Unfair Competition Law.

Defendant argues that, to the extent the UCL claim is predicated on the "fraudulent" prong, the allegations fail to conform with Rule 9(b)'s heightened pleading requirements. "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Pleading with particularity includes the "who, what, when, where, and how of the misconduct charged." *Ibid*.

The complaint alleges that Ross engaged in unlawful, unfair and/or fraudulent business acts and practices by entering into contracts for janitorial services with USM that were not sufficiently funded for the cleaning of Ross' California stores (Compl. ¶ 115). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Pleading information and belief alone may be insufficient; however, to the extent the UCL claim is predicated on the "fraudulent" prong, the factual allegations in the complaint and the attached exhibits are specific enough to give Ross notice of the particular alleged misconduct they must defend. For example, Ross has notice of the subcontract dates, terms, party names, and the monthly payment amount for the janitorial services in Ross' California stores. Accordingly, defendant's motion to dismiss plaintiffs' UCL claim is **DENIED**.

### B.  Private Attorneys General Act of 2004.

Defendant argues that plaintiffs fail to state a PAGA claim because Ross is not their "employer." California Labor Code Section 2699.5, however, specifically identifies Section 2810 as one of the predicate labor code provisions upon which a PAGA claim may be brought. Accordingly, defendant's motion to dismiss plaintiffs' PAGA claim is **DENIED**.

6

Plaintiffs argue that if Ross' motion is granted, leave to amend be granted but only after Ross is ordered to produce "all of the Master Service Agreements" (Opp. 14). Plaintiffs based this request on a theory that they stand in the shoes of the Labor Commissioner and, under Section 2810(f), are thus entitled to discovery. Section 2810(f) states that upon request of the Labor Commissioner "any person or entity who enters into the contract . . . shall provide to the Labor Commissioner a copy of the provisions of the contract." Plaintiffs further indicate that they served "discovery on Defendants" in November 2013 (Opp. 14, n. 6). This order will not compel Ross to produce the master agreements at this time; however, Ross is advised to comply with its discovery obligations, including producing the master agreements if requested. This order is without prejudice to any discovery letters or motion to compel plaintiffs may bring when appropriate.

## CONCLUSION

For the reasons stated above, the motion to dismiss the Section 2810, UCL, and PAGA claims is **DENIED**. The answer is due in seven days.

**IT IS SO ORDERED.**

Dated: January 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE