IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO VILCHIZ VASQUEZ, JESUS VILCHEZ VASQUEZ, FRANCISCO DOMINGO CLAUDIO, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USM INC., dba USM SERVICES, INC., ROSS STORES, INC., dba ROSS DRESS FOR LESS, ROSS STORES, INC., dba dd's DISCOUNTS, and DOES 1 through 20, inclusive,<br><br>Defendants. | No. C 13-05449 WHA<br><br><br><br><br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DENIAL OF ROSS STORES, INC.'S MOTION TO DISMISS** |

On February 3, defendant Ross Stores, Inc. filed a motion for leave to file a motion for reconsideration of a January 27 order denying Ross' motion to dismiss (Dkt. No. 38). Ross seeks reconsideration based on (1) a decision entered by the California Court of Appeal in the Second District the same day as the undersigned judge's order, *Hawkins v. TACA Int'l Airlines, S.A.*, No. B242769, 2014 WL 280301, at *6–8 (Cal. Ct. App. Jan. 27, 2014), and (2) Exhibit E to plaintiffs' first amended complaint. For the reasons stated below, the motion for leave to file a motion for reconsideration is **DENIED**.

On a motion for leave to file a motion for reconsideration,

> The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is

sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Local Rule 7-9(b).

**1.   *HAWKINS*.**

Contrary to Ross, this order finds that *Hawkins* does not represent a material change in binding law. *Hawkins*, with all due respect, is but one decision by the California Court of Appeal affirming a demurrer of a state court third amended complaint for failure to allege sufficient facts to state a Section 2810 claim. 2014 WL 280301, at *2. The procedural history is notable. After the trial court certified a class of security guard workers and after the action had been pending for approximately twenty months, plaintiff filed a third amended complaint adding — "for the first time" — a new seventh cause of action for violation of Section 2810. *Id*. at *3. The Court of Appeal affirmed the demurrer because "simply parroting the language of Section 2810 in the complaint is insufficient to state a cause of action under the statute." *Id*. at *7. Plaintiff candidly admitted that she had never seen the relevant contracts alleged to be underfunded and, instead, argued that she was excused from making detailed factual allegations under the rule of "liberal construction." *Id*. at *2, 6. Plaintiff never attempted to compel any request to produce the contracts (if such a request was actually made) and the Court of Appeal found it "too late to do so now." *Id*. at *5, n. 5.

The third amended complaint in *Hawkins* was found to be wholly deficient regarding the Section 2810 claim:

> [I]t cannot be that a plaintiff employed in the industries covered by section 2810 who has not been paid the wages he or she is owed can state a claim under the statute against every entity who entered into a contract with the employer simply by utilizing a pair of scissors and a paste pot and transferring the language of the statute to a form complaint.

2

*Id*. at \*7.  The complaint "failed to identify or describe any of the contracts" and failed to plead that plaintiff performed any services for one of the defendants seeking a demurrer.  *Id*. at \*3–5.  Furthermore, the allegations were completely inconsistent with other allegations in the complaint.  The complaint alleged that one of the defendants had the ability to pay all wages earned and thus the contracts were not underfunded.  *Id*. at \*8.  The Court of Appeal cited *Rojas v. Brinderson Constructors Inc.*, 567 F. Supp. 2d 1205, 1209–10 (C.D. Cal. 2008), wherein a Section 2810 claim was dismissed based on "conclusory," "tenuous," "bare," "inconsequential," "purely speculative," and "vacuous allegations."

*Hawkins* and *Rojas* are distinguishable.  Plaintiffs, here, commenced this action in September 2013, alleging, *inter alia*, a Section 2810 claim.  The first amended complaint was filed a month later.  In the operative complaint, plaintiffs did not simply regurgitate the elements of a Section 2810 claim (Compl. ¶¶ 29, 35, 38–42, 60, 61, 64–67, 70).  Indeed, plaintiffs quoted, cited, and appended three contracts, a number of cleaning schedules for Ross stores, and a Ross daily janitorial service sheet (Compl. Exhs. A–E).  Based on the allegations in the complaint, and for the reasons stated in the January 27 order, plaintiffs' Section 2810 claim survived Ross' motion to dismiss the first amended complaint.  *Hawkins* thus does not dictate reconsideration of the January 27 order entered the same day.

2. **EXHIBIT E.**

In the instant motion, Ross argues that Exhibit E appended to plaintiffs' complaint, which is a Ross form titled "Daily Janitorial Service Sign-Off Sheet," "demonstrates that it took no more than approximately 120 hours per month to clean a Ross store, which for a monthly payment of $1,200 translates into an hourly wage of $10.00" — an amount greater than the $5.85 hourly wage identified in the complaint based on Exhibit D and noted in the January 27 order (Br. 5).  Please remember, however, that on a motion to dismiss, the court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The complaint stated that the schedules show "$5.85 per hour — significantly less than the $8.00 minimum wage that has been in effect in California since January 1, 2008"

3

(Compl. ¶ 59). Exhibit D supports such a calculation (Compl. Exh. D). Plaintiffs' allegation, absent obvious mathematical error, thus must be taken as true at the motion to dismiss stage. This, of course, is without prejudice to defendants marshaling any contrary evidence at summary judgment or trial. Ross' "$10.00" theory, never raised in its prior briefing, is accordingly not a ground for reconsideration.

Ross also argues that "Ross' knowledge of any insufficient funding of its contract with USM must be determined at the time Ross entered into that contract with USM" and thus janitorial subcontracts subsequently entered into cannot be used to impute knowledge (Br. 5). Later facts, however, do sometimes shed light on earlier expectations. This is not a ground for reconsideration.

In sum, Ross' motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 5, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE