UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO VILCHIZ VASQUEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>USM INC, et al.,<br><br>    Defendants. | Case No. 13-cv-05449-JD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Re: Dkt. No. 121 |

This putative class action alleges that Ross and its janitorial contractor, USM, violated California Labor Code section 2810 and other California laws, primarily by entering into inadequately-funded subcontracts with the janitorial subcontractors who employed the putative class members to provide "daily maintenance" janitorial services at Ross Dress for Less and "dd's DISCOUNTS" stores in California. The parties have reached a proposed settlement, and ask the Court to preliminarily approve it. After holding a hearing and requesting certain changes to the settlement -- which the parties have made -- the Court grants preliminary approval and certifies the class for purposes of preliminary approval.

**BACKGROUND**

This case was removed to this Court from California state court on November 22, 2013. *See* Dkt. No. 1. Several months of discovery followed, during which defendants produced over 116,000 pages of documents, presented six witnesses for deposition under Federal Rule of Civil Procedure 30(b)(6), deposed named plaintiffs, and propounded and responded to requests for document production and interrogatories. *See* Ho Decl. ¶ 10, Dkt. No. 121-1. On October 24, 2014, the plaintiffs filed a motion for class certification. *See* Dkt. No. 84-1. After the motion was fully briefed (including the submission of a number of expert reports from both sides), and one

day before it was set for hearing, the parties informed the Court that they had agreed to a settlement. *See* Dkt. No. 117.

The basic terms of the proposed settlement are straightforward. Defendants have agreed to pay $1,000,000 into a non-reversionary settlement fund, which will be the source for settlement administration costs (up to a maximum of $125,000), a $5,000 payment under California's Private Attorney General Act, and monetary relief for the class -- including any service payments to the named plaintiffs, to the extent the Court later approves them. *See* Consent Decree § VII.A, Ho Decl. Ex. A, Dkt. No. 121-1. Importantly, attorney's fees will *not* come out of the settlement fund; they will be paid by defendants separately.

The amount of monetary relief each class member gets will depend on the amount of information he or she provides to the settlement administrator, but even those who take no action at all will receive some money. All members of the class will receive at least an "Automatic Payment" of $50-$250. *See id.* § VII.C. Those who submit claim forms listing their contact information and information about the stores where they provided daily maintenance, the dates they provided service, and the subcontractors who employed them will instead receive "Minimum Claimed Payments" up to $575. *See id.* Finally, those who submit claim forms that additionally include tax information will get an "Additional Claimed Payment" of up to $16,500, determined by taking the portion of the settlement fund available for monetary relief for class members, subtracting the Automatic Payments and Minimum Claimed Payments, and dividing it up pro rata based on the number of store months worked. *See id.* Any amount associated with uncashed checks will be paid half to Centro Legal de la Raza, one quarter to the Employee Rights Center, and one quarter to California Rural Legal Assistance, Inc. *See id.* § VII.F.

The settlement also provides for injunctive relief, which is described in section VIII of the consent decree. Among other things, the injunctive relief provision requires USM to randomly review a portion of its subcontractors to determine whether they have paid their employees the minimum wage and overtime, and to either ensure that the subcontractor has paid the shortfall or to pay the shortfall itself. *See id.* § VIII.A. Moreover, USM is to ensure that its subcontractors sent their employees a "Notice of Rights," and must report the results of its reviews to class

2

counsel at the end of each quarter.  *See id.*

The scope of the released claims is as follows:

> All Eligible Claimants shall be deemed to have released Defendants from any and all claims arising out of the facts as alleged in the Second Amended Complaint regarding the provision of Daily Maintenance Services at a Ross store in California in connection with the performance of a contract or agreement between USM and Ross for the provision of Daily Maintenance Services at a Ross store in California at any time from September 5, 2009 until February 10, 2015, including, but not limited to, any claim under any federal, state or local statute including, but not limited to the Fair Labor Standards Act, the California Business and Professions Code § 17200 et seq.; any provision of the California Labor Code including, but not limited to, Labor Code § 2810, and any other federal, state or local law or ordinance relating to the payment of wages.

*Id.* § VI.B.

Notice will be sent by mail to all known addresses of class members, as well as to current employees.  *See id.* § VIII.A ¶ 14.  The settlement also provides for publication notice via radio, print media, and a website.  *See id.* VII.B.2.  Class members will have 120 days to opt out or object.  *See* Addendum to Consent Decree ¶ 1, Dkt. No. 133-1.

## DISCUSSION

Although the Ninth Circuit has not set forth a test for granting preliminary approval of a settlement, some prior decisions from this district have looked to whether the settlement "falls within the range of possible approval" or "within the range of reasonableness."  *See In re High Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)); *see also* Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11-91 (4th ed. 2002).  The Court finds that the proposed settlement meets that standard.  It provides for a non-trivial recovery for all class members, including those who do not affirmatively mail in a claim form.  Moreover, the briefing and expert reports the parties submitted in connection with plaintiffs' motion for class certification suggests that plaintiffs' case faced significant risks, including the ascertainability of the class, the reliability of the janitorial subcontractors' time sheets in measuring the number of hours their employees worked per day, and the number of violations subject to the statutory damages provision in California Labor Code section 2810(g).  For example, with respect to the

3

last issue, if defendants were to prevail in their claim that § 2810(g) only entitles plaintiffs at most to statutory damages for two violations per class member (one with respect to Ross-USM agreement and one with respect to the agreement between USM and the relevant class member's subcontractor), rather than additional violations each month, then damages would be approximately $1,200,000 -- $250 in statutory damages per contract $\times$ 2,400 class members $\times$ 2 contracts -- not much higher than the $1,000,000 settlement. It would be reasonable for class members to accept the settlement amount and the specified injunctive relief in light of these risks. The Court therefore preliminary approves the consent decree as fair, adequate, and reasonable.

Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court certifies an injunctive relief class for purposes of implementing the consent decree consisting of:

> All persons currently providing Daily Maintenance Service at a Ross store in California in connection with the performance of a contract or agreement between USM and Ross for the provision of janitorial services.

Furthermore, pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court certifies a monetary relief class for purposes of implementing the consent decree consisting of:

> All persons who have provided Daily Maintenance Service at a Ross store in California in connection with the performance of a contract or agreement between USM and Ross for the provision of janitorial services from September 5, 2009 until February 10, 2015, except those who file a timely request to opt out of and be excluded from the monetary relief provisions of the Consent Decree.

In both cases, "Daily Maintenance Service" is defined as provided in the consent decree. *See* Consent Decree § III. The Court appoints Federico Vilchiz Vasquez, Jesus Vilchez Vasquez, Ada Cañez, Emigdio Mendez, Candelaria Hurtado, and Evelia Martinez as class representatives, and, pursuant to Federal Rule of Civil Procedure 23(g), appoints Goldstein, Borgen, Dardarian & Ho, Chavez & Gertler LLP, Legal Aid of Marin, and the Stanford Community Law Clinic, as class counsel for purposes of implementing the consent decree.

Finally, the Court approves the parties' proposed notice pursuant to Federal Rule of Civil Procedure 23(c)(2), as revised by the parties following the preliminary approval hearing. *See* Addendum to Proposed Consent Decree Exs. A, B, Dkt. No. 133-1.

The Court sets a final approval hearing pursuant to Federal Rule of Civil Procedure

23(e)(2) for September 23, 2015, at 10:30 a.m.  Plaintiffs' motion for final approval and any memorandum in support by defendants should be filed by September 9, 2015.  Plaintiffs' counsel's motion for attorney's fees and costs, and any motion for service awards to the class representatives should be filed no later than 14 days before the deadline for class members to object or opt out of the settlement.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
JAMES DONATO
United States District Judge